UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-10-662-4 |
| | § | |
| JERMAINE VENROD MCNEAL. | § | |

## ORDER

Pending before the court is the United States of America's ("Government") motion for reciprocal discovery (Dkt. 73) and defendant Jermaine Venrod McNeal's motion to sever (Dkt. 56), motion for notice of government intent to use evidence (Dkt. 57), motion for a separate hearing to determine the existence of a conspiracy (Dkt. 58), motion for Jencks Act material (Dkt. 59), motion for the government to reveal agreements, concession, leniency, or immunity to witnesses (Dkt. 60), motion for inspection of grand jury (Dkt. 61), motion for witness list (Dkt 62), motion for list of witness statements (Dkt. 63), and motion for attorney participation in *voir dire* (Dkt. 64).  The Government filed responses to McNeal's motions, but McNeal has not responded to the Government's motion.  Dkts. 72, 80, 81.

### I. MCNEAL'S MOTIONS

**A.    Docket 57 and Docket 60: Motions for Notice of Evidence and to Reveal Agreements**

McNeal moves for the Government to list any evidence it intended to use at trial that McNeal was entitled to under Rule 16 (Dkt. 57) and for the Government to reveal any agreement entered into between the Government or any law enforcement agency and any prosecution witness (Dkt. 60).  In its initial response to McNeal's motions, the Government agreed to produce materials pursuant to its obligations under Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, the Jencks Act, *Brady v. Maryland*, and *Giglio v. United States*.  The Government specifically agreed to give the defendant notice of the Government's intention to use evidence and to reveal any agreement entered

into between the Government and any prosecution witness that could conceivably influence the witness's testimony. Dkt. 72. Therefore, McNeal's motion for notice of Government intent to use evidence (Dkt. 57) and motion for the Government to reveal agreements, concession, leniency, or immunity to witnesses (Dkt. 60) are DENIED AS MOOT.

**B.     Docket 59 and Docket 61:  Jencks Act**

McNeal moves for the Government to make available any statements of witnesses who are going to testify, including statements made before the Grand Jury, and for the Government to reduce to writing any grand jury testimony of witnesses that is not currently reduced to writing. Dkts. 59, 61. The Government states that it will only tender statements that are required under the Jencks Act, Rule 26.2 of the Federal Rules of Criminal Procedure, or *Brady v. Maryland*. The Jencks Act does not require the Government to disclose the requested information prior to trial. *See* 18 U.S.C. § 3500. However, it does require that the Government provide the statements of witnesses "however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury." *Id.* § 3500(e)(3). If there is Grand Jury testimony that has not been transcribed, this should be done before trial so as to avoid a delay once trial has commenced. Therefore, McNeal's motion for inspection of Grand Jury testimony (Dkt. 61) is GRANTED IN PART and DENIED IN PART. It is GRANTED to the extent it requests that the Government ensure that the Grand Jury testimony of witnesses who are going to testify at trial is reduced to writing prior to trial, if this is not already done, and it is DENIED to the extent it requests that the government provide the materials prior to trial, which is not required by the Act.[1] McNeal's Jencks motion (Dkt. 59) is DENIED for the same reason. McNeal is free to reassert these motions at trial in accordance with the Jencks Act.

---

[1] While the government noted in its response that it normally does provide this information prior to trial, it objected to being ordered to do so. Dkt. 72.

**C.      Docket 62: Witness List**

McNeal moves for an order requiring the Government to produce a list of names of witnesses that the Government intends to call at trial. Dkt. 62. The Government filed a witness list on February 3, 2011. *See* Dkts. 83, 84. This motion is therefore DENIED AS MOOT.

**E.      Docket 64: Attorney Participation in *Voir Dire***

McNeal filed a memorandum about attorney participation in *voir dire*, in which he moves for the court to allow attorney participation. Dkt. 64. The government did not file a response to this motion. As noted in the court's procedures, in criminal trials, the court conducts a preliminary examination of the jury panel and will conduct most, if not all, of the examination of the panel. However, the procedures state that the court makes a case-by-case determination as to whether the parties may conduct *voir dire*. This determination will be made at the pretrial conference. McNeal's motion for attorney participation in *voir dire* (Dkt. 64) is DENIED, for now, but the court will revisit this request at the pretrial conference.

**F.      Docket 56: Severance**

McNeal moves to sever his trial from the trials of his co-defendants under Rule 14 of the Federal Code of Criminal Procedure. Under Rule 14, if "the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires. Fed. R. Crim. P. 14(a). McNeal claims that joinder of the defendants is prejudicial because "if a co-defendants' statement, which incriminates his, is allowed to be introduced at trial, he would be clearly prejudiced by denial of his right to cross-examination secured by the Confrontation Clause of the Sixth Amendment." Dkt. 56. McNeal cites *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620 (1968) in support of this argument. In *Bruton*, a postal

inspector testified during a joint trial of Bruton and his co-defendant, Evans, that Evans had orally confessed to him that Bruton and Evans committed an armed robbery. 391 U.S. at 124. The trial court advised the jury that the postal inspector's testimony was inadmissible hearsay as it pertained to Bruton and that the jury should therefore not consider the testimony when considering whether Bruton was guilty or innocent. *Id.* at 125. Bruton appealed, contending that admission of Evans's confession during the joint trial, in which Evans did not testify, violated his right to cross-examination secured by the Confrontation Clause of the Sixth Amendment. *Id.* at 126. The appeal reached the Supreme Court, which agreed with Bruton, concluding that "the introduction of Evans' confession posed a substantial threat to petitioner's right to confront the witnesses against him, and this is a hazard we cannot ignore. Despite concededly clear instructions to the jury to disregard Evans' inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination." *Id.* at 137.

Here, the Government concedes that "on its face, this case does raise the issue of *Bruton*." Dkt. 80. McNeal and three other alleged co-conspirators agreed to provide statements to law enforcement on the day of arrest, which implicated themselves and their alleged co-conspirators. *Id.* The Government notes, however, that it is the opportunity or confrontation at trial that is important, and "as long as McNeal has the opportunity to confront his co-defendants regarding their statements implicating his involvement in the conspiracy, *Bruton* will not be violated." *Id.*

The court agrees that this case raises *Bruton* concerns, but it is premature, at this point, to rule that a severance is in order. The motion for a severance (Dkt. 56) is DENIED, for now, but the court will reconsider these issues during the pretrial conference.

**G.        Docket 63: Various Materials Relating to Testifying Witnesses**

McNeal requests that the court require the Government to produce witness statements and Grand Jury transcripts of witness testimony for witnesses that are called to testify after the witnesses are called by the prosecution in accordance with the Jencks Act, any documents, objects, photos, or charts that are placed before the jury by direct examination of the witness, any prosecution reports or investigation agency reports that discuss what testifying witnesses did at the time in question or concern facts testified to by the witness on direct examination, that the witness adopts as being correct, and any writings prepared by prosecuting attorneys relating to the subject matter of the testimony of government witnesses. Dkt. 63. The Government has agreed to produce all materials required by the Jencks Act, so most of the requests in these requests are moot. However, the government specifically objected to the request for writings prepared by prosecuting attorneys to the extent the it requests rough notes, as the Fifth Circuit has no requirement that rough notes be retained or made available for discovery purposes. Dkt. 72. Indeed, the Fifth Circuit has held that interview notes with occasional verbatim recitations of phrases used by the person interviewed are not necessarily "statements" under the Jencks Act, and that "[n]othing in the Jencks Act requires that notes made in the course of an investigation be preserved after the notes have served their purpose of assisting in the preparation of interview reports." *United States v. Cole*, 634 F.2d 866, 867-68 (5th Cir.), *cert denied* 452 U.S. 918, 101 S. Ct. 3055 (1981); *United States v. Pacheco*, 489 F.2d 554, 556 (5th Cir. 1974), *cert. denied* 421 U.S. 909, 95 S. Ct. 1558 (1975). Therefore, McNeal's motion, to the extent it requests rough notes, is DENIED. McNeal's motion, to the extent it requests materials that the Government has already agreed to produce, is DENIED AS MOOT.

**H.        Docket 58: Separate Hearing Regarding Existence of Conspiracy**

Finally, McNeal moves for a separate hearing to determine whether a conspiracy exists. Dkt. 58. This motion is DENIED.

## II. THE GOVERNMENT'S MOTION: DOCKET 73

The Government contends that it complied with the disclosure requirements of Rule 16(a)(1)(C) and (D), and it moves for the court to order McNeal to (1) comply with the reciprocal provisions of that Rule 16, Rule 16(b)(1)(A) and (B); (2) comply with the reciprocal discovery provisions of Rule 12.1; (3) provide information about hearsay statements McNeal intends to offer as required by Federal Rules of Evidence 803(24) and 804(b)(5); (4) produce statements of witnesses that relate to the subject matter that the witness will testify about prior to trial, or, alternatively, that the court provide it with time to examine the statements prior to cross examination, if the statements are produced after direct examination in accordance with Rule 26.2; and (5) comply with Appendix C, Section J of the local rules. Dkt. 73. McNeal did not respond to this motion, which was filed on November 16, 2010. McNeal is required to comply with the statutes and rules outlined in the Government's response. However, the court will not order McNeal to provide witness statements prior to trial, as it has not ordered that the Government produce the statements of its witnesses prior to trial.[2] The Government, like McNeal, is free to make its request for these statements, as well as a request for time to review them, in its motions in limine or at trial. Thus, the Government's motion (Dkt. 73) is GRANTED in part and DENIED in part. It is GRANTED to the extent that it requests reciprocal discovery in accordance with Rules 12.1 and 16 and requests compliance with the local

---

[2] The Government noted in its motion that it is the "normal practice in the Southern District of Texas" for each party to provide these statements prior to trial, and the court encourages the parties to reach an agreement regarding the requested discovery in accordance with this practice.

rules. It is DENIED to the extent it requests that the court order McNeal to provide witness statements prior to trial.

### III. Conclusion

McNeal's motion for notice of Government intent to use evidence (Dkt. 57) and motion for the Government to reveal agreements, concession, leniency, or immunity to witnesses (Dkt. 60) are DENIED AS MOOT. McNeal's motion for inspection of Grand Jury testimony (Dkt. 61) is GRANTED IN PART and DENIED IN PART, as described above. McNeal's motion for the production of a witness list (Dkt. 62) is DENIED AS MOOT. McNeal's motion for attorney participation in *voir dire* (Dkt. 64) is DENIED. McNeal's motion for a severance (Dkt. 56) is DENIED, but the court will revisit the motion at the pretrial conference. McNeal's motion for production of various materials relating to testifying witnesses (Dkt. 63), to the extent it requests rough notes, is DENIED. McNeal's motion for production of various materials relating to testifying witnesses (Dkt. 63), to the extent it requests materials that the Government has already agreed to produce, is DENIED AS MOOT. McNeal's motion for a separate hearing regarding the existence of a conspiracy (Dkt. 58) is DENIED. The Government's motion (Dkt. 73) is GRANTED in part and DENIED in part, as described above.

It is SO ORDERED.

Signed at Houston, Texas on February 7, 2011.

_____
Gray H. Miller
United States District Judge